

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN          AUSTIN 11, TEXAS
JⱧⱧⱧⱧⱧⱧⱧⱧⱧⱧⱧⱧⱧⱧXXXX
ATTORNEY GENERAL

Honorable R. E. Beasley
County Auditor
Collin County
McKinney, Texas

Dear Sir:                          Opinion Number O-4468
                                   Re: Justice of the Peace - Inquests--
                                   Fees of office.

        Your request for opinion has been received and carefully consid-
ered by this department. We quote from your request as follows:

"Your answer to the following questions will be highly appreciated:

"Recently the Justice of the Peace, Precinct No. 1 held inquest in
Justice Precinct No. 5 over the dead bodies of six negroes, supposedly
burned to death in their home. Question:

"(a) Would Justice of Peace, Precinct No. 1 be entitled to the fee, since
he was in Justice Precinct No. 5?

"(b) All, seimingly, died in the same manner; should he tax a fee for
each, or would he be allowed only one fee?"

        Article 968, Vernon's Annotated Texas Code of Criminal Procedure,
provides:

"Any justice of the peace shall be authorized, and it shall be his duty,
to hold inquests without a jury within his county, in the following cases:

        "1. When a person dies in prison,
        "2. When any person is killed, or from any cause dies an unnatural
            death, except under sentence of the law, or in the absence of
            one or more good witnesses.
        "3. When the body of a human being is found, and the circumstances
            of his death are unknown.
        "4. When the circumstances of the death of any person are such as
            to lead to suspicion that he came to his death by unlawful
            means."

        Article 975, Vernon's Annotated Code of Criminal Procedure of Texas,
reads as follows:

"Witnesses shall be sworn and examined by the justice and their testimony reduced to writing by or under his direction, and subscribed by them."

Article 978, V.A.C.C.P. reads as follows:

"The justice shall keep a book in which he shall make a minute of all the proceedings relating to every inquest held by him. Such minute shall set forth:

"1. The nature of the information given the justice, and by whom given, unless he acts upon facts within his own knowledge.

"2. The time and place, when and where, the inquest is held.

"3. The name of the deceased, if known, or if not known, as accurate a description of him as can be given.

"4. The finding by the justice at the inquest.

"5. If any arrest is made of a suspected person before inquest held, the name of the person and the fact of his arrest, as well as every-thing material which relates thereto, shall be noted."

Article 987, V.A.C.C.P. reads as follows:

"The justice holding an inquest shall certify to the proceedings, and shall en-close in an envelope the testimony taken, the finding of the justice, the bail bonds, if any, and all other papers connected with the inquest, shall seal up such envelope and without delay deliver it properly endorsed to the clerk of the district court, who shall safely keep the same in his office subject to the order of the court."

Article 1053, V.A.C.C.P. provides:

"A justice of the peace shall be entitled, for an inquest on a dead body, including certifying and returning the proceeding to the proper court, the sum of five dollars, to be paid by the county. When an inquest is held over the dead body of a State penitentiary convict, the State shall pay the inquest fees allowed by law of all officers, upon the approval of the ac-county therefor by the commissioners court of the county in which the in-quest may be held and the superintendent of penitentiaries."

Article 1054, V.A.C.C.P. provides:

"Any officer claiming pay for services mentioned in the preceding article shall present to the commissioners court of the county, at a regular term of such court, an account therefor, verified by the affidavit of such claimant. If such account be found correct the court shall order a draft to issue upon the county treasurer in favor of the claimant for the amount due him. Such account shall be filed and kept in the office of the county clerk."

We quote from 26 Texas Jurisprudence, page 797, as follows:

"A justice is authorized and it is his duty in certain enumerated circumstances to hold inquests into the death of any person within his county. He thus has the authority and is charged with the duty, or a coroner at common law . . ."

The office of an inquest cannot be disputed. Its nature and object is that of a preliminary investigation conducted to ferret out information relative to those who have met violent, unnatural, or prison deaths, and, if death by criminal agency is established, to secure legal evidence as a foundation for a criminal prosecution of the guilty. See the following cases:

Boehme v. Woodman of the World, 98 Tex. 376, 84 S.W. 422;
Gray v. State, 55 Cr. R. 90, 114 S.W. 642, 22 L.R.A. (N. S.) 513;
Aetna Life Ins. Co. v. Lane, 132 Tex. 280, 121 S.W. (2d) 986;
Pierson v. Glaveston Co., (C. App.) 131 S.W. (2d) 27;
6 R.C.L. 1168;
32 C.J., p. 578.

In the case of Pierson v. Galveston County, the court adopts the following language from 13 Am. Jur., p. 108:

"It is necessary for a coroner to determine whether a statute contemplates the holding of an inquest in a particular case. . . . Generally speaking, the determination of the wuestion qhether an inquest shall be held rests, within certain limitations, in the sound discretion of the coroner."

Opinion No. 0-4396 of this department holds that a justice of the peace may legally hold an inquest anywhere in his county, regardless of whether it is in his own justice precinct or not and receive a fee therefor under the facts stated in said opinion. We enclose herewith a copy of said opinion for your information.

You are respectfully advised that it is the opinion of this department:

1. The justice of the peace had authority to hold inquests anywhere in his county, either in or outside of his own precinct.

2. Before the justice would be entitled to an inquest fee in any case he would have to perform the services outlined in Article 975, (swearing witnesses and reducing their sworn statements to writing) 978, (keeping the inquest records and minutes in the manner required by said Article) and 987 (certifying the proceedings in the manner required by said Article).

3. If the justice determined that he should hold separate inquests over each of the six dead bodies, and did hold such six separate inquests performing the services and duties required by Articles 975, 978 and 987, he would be entitled to an inquest fee of $5 for each proceeding and in this case a total of $30.

4. If the justice determined that he should hold one joint inquest proceeding and did hold only one inquest proceeding on the six dead bodies and certified only one inquest proceeding, performing the services and duties required by Articles 975, 978 and 987 he would only be entitled to $5 fee.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED ARP 29, 1942
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

WJF:IM:egw

Approved
Opinion Committee
By B W B
Chairman